■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SHELTON, Appellant. — Order, Supreme Court, New York County (Martin Evans, J.), entered June 4, 1983, denying defendant's motion to vacate a judgment (same court), rendered September 8, 1982, convicting him on a plea of guilty to two counts of criminal sale of a controlled substance in the second degree and sentencing him to two definite concurrent terms of three years' imprisonment, unanimously reversed, on the law and in the exercise of discretion, in the interest of justice, the motion to withdraw the guilty plea granted, the judgment vacated and the matter remanded to Supreme Court, New York County, for further proceedings. ¶ Defendant, age 76, had been charged under two indictments (numbers 3285/81 and 3286/81) with criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree. During trial he pleaded guilty to two counts of criminal sale of a controlled substance in the second degree in satisfaction of both indictments, in return for a promised sentence of two definite three-year terms to run concurrently. Thereafter, the People moved pursuant to CPL 400.40 (subd 1) to vacate the sentences as illegal since the mandatory minimum sentence for the A-II felonies was three years (Penal Law, § 70.00, subd 3, par [a], cl [ii]) and the mandatory maximum was life imprisonment (Penal Law, § 70.00, subd 2, par [a]) and defendant moved pursuant to CPL 220.60 (subd 3) to withdraw his guilty plea. Both motions were denied, the court concluding that the prosecution was bound by its promise with respect to the maximum sentence and defendant's motion, made after sentence had been imposed, was untimely (CPL 220.60, subd 3). Defendant's application for mandamus was deemed a motion for leave to appeal from the denial of the postjudgment motion and was granted on September 15, 1983 (96 AD2d 1017 [Asch, J.]). ¶ There is no question that the sentence was improper since the minimum term for the A-II felonies was three years to life (Penal Law, § 70.00, subd 3, par [a], cl [ii]; subd 2, par [a]). Since the sentence was illegal, by operation of law, it cannot stand (People v Edwards, 45 AD2d 743). Inasmuch as the sentence promised at the time of the guilty plea cannot be fulfilled, thus denying defendant the benefit of the plea bargain, he was entitled to vacatur of the sentence and withdrawal of the plea, thereby restoring him to his prior position (see Santobello v New York, 404 US 257; People v Selikoff, 41 AD2d 376). On this record, there has been no showing of sufficient legal prejudice to warrant denial of the motion. Accordingly, we vacate the judgment of conviction and, on the withdrawal of defendant's guilty plea, remand the matter to Supreme Court for further proceedings. Concur — Kupferman, J. P., Sandler, Sullivan, Asch and Kassal, JJ.