■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT IUDICE, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County (McInerney, J.), imposed November 20, 1989, upon his conviction of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, the sentence being an indeterminate term of 4 to 8 years' imprisonment.

Ordered that the sentence is modified, on the law, by reducing the sentence imposed to an indeterminate term of 3½ years' to 7 years' imprisonment; as so modified, the judgment is affirmed.

The People concede that the sentence imposed by the Supreme Court is illegal. The defendant was convicted, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, a class D felony (Penal Law § 220.31). Since the defendant was properly adjudicated a second felony offender, the maximum term of imprisonment authorized under law is 3½ to 7 years *(see,* Penal Law § 70.06 [3] [d]; [4] [b]). Thus the sentence imposed by the Supreme Court exceeded the statutory maximum.

The defendant is a prior felony offender who was originally promised a sentence of 2½ to 5 years' imprisonment as part of a plea bargain. He failed to appear for sentencing and was produced almost six months later pursuant to a bench warrant. At sentencing, in return for the prosecutor's agreement to forbear from prosecuting him for bail jumping, the defendant agreed to accept an enhanced sentence on the instant matter of 4 to 8 years' imprisonment. While, as stated above, that sentence was illegal, the maximum authorized term of 3½ to 7 years is clearly appropriate under the circumstances

and we have reduced the sentence accordingly. Mangano, P. J., Thompson, Bracken, Sullivan and Balletta, JJ., concur.