■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HILL, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered January 22, 1990, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant contends that County Court erred in sentencing him since a condition upon which his guilty plea was based had not occurred. The People contend that the appeal should be dismissed because defendant's plea included a waiver of the right to appeal. We are of the view that the validity of defendant's waiver depends upon the propriety of County Court's refusal to permit defendant to withdraw his guilty plea and, therefore, we will consider the merits of defendant's appeal.

The condition claimed by defendant concerns certain personal property seized by members of the Oneida County Sheriff's Department during an arrest of defendant on charges unrelated to the present offense. At the plea proceeding, defendant was asked if he joined in the prosecution's application concerning implementation of the plea bargain and the following colloquy occurred:

"THE DEFENDANT: I do. One thing additional. We have an agreement that some certain property will be returned to me between now and sentencing.

"THE COURT: That's no problem.

"[THE PEOPLE]: Let the record reflect that there is certain personal property belonging to the defendant * * * that the Oneida County District Attorney * * * has agreed is [defendant's] personal property * * * and this property will accompany [defendant] through, I guess you would call it, the system, but will accompany him to whatever state facilities or facility he subsequently will be incarcerated in as his property.

"THE COURT: All right. I order that the property be held subject to your direction. It will be held by the authorities in the County of Oneida at Utica.

"Now, as a mechanical matter, how do we get this to [defendant] posthaste?

"[THE PEOPLE]: [Defendant] at some point will be returning to Oneida County and I spoke this morning with A.D.A. Daly.

"THE COURT: The trouble is it takes thirty days here on a pre-sentence report. He doesn't want to wait that long to get his property.

"THE DEFENDANT: I just want to get the matter over and I'm

having some problem with the sheriff's department about it though we had an agreement in open court with the state's attorney to return it and I had a lieutenant on the sheriff's department who is being belligerent about it. * * *

"THE COURT: I will leave that between you and [the People]. I can't order that because I know nothing of the merit of the case. I have no jurisdiction. If we can get it back to him, that would be my wish.

"What are we going to do with [defendant] between the sentence date and today? Are we going to remand him to Utica?

"[THE PEOPLE]: Well, as I understand it, either Utica or Oneida County or Montgomery County still has a sentencing date coming up.

"THE COURT: If we remand him to Utica that gets you closer to your property. Is that your understanding? Between today and sentence he will go back to Utica?

"DEPUTY HAZARD: Yes.

"THE COURT: All right. We understand your addition then and we have dealt with it as best we are able and you understand how we have dealt with it."

We find, as did County Court, that defendant's plea was not conditioned upon the return of his property prior to sentencing. Rather, it is our view that defendant expressed his concern about the return of the property, and both the People and the court agreed to assist defendant in this endeavor. As the court made clear, however, it had no jurisdiction to order the return of the property; it was a matter that had to be resolved in Oneida County. The judgment should therefore be affirmed.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.