■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM D. WHITE, Appellant. [600 NYS2d 642] —Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered March 26, 1992, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant pleaded guilty to the crime of burglary in the third degree. Prior to sentencing, however, defendant absconded to North Carolina. Defendant was eventually returned to this State and was sentenced, in accordance with his plea arraignment, to a term of imprisonment of 1½ to 4½ years and ordered to pay restitution to Rensselaer County for the expenses incurred by the County in transporting defendant from North Carolina. Defendant appeals, contending that the portion of the sentence ordering restitution was illegal.

Initially, we find that defendant's waiver of his right to appeal as a part of his guilty plea does not prohibit him from raising the issue of the legality of the sentence in this Court (see, People v Seaberg, 74 NY2d 1, 9; People v Ross, 182 AD2d 1022, lv dismissed 80 NY2d 934). We agree with defendant that the part of the sentence ordering restitution was illegal and modify the sentence accordingly (see, People v Cruz, 81 NY2d 996; People v Snow, 180 AD2d 698; People v Storm, 177 AD2d 767; People v Dulanski, 175 AD2d 672).

Weiss, P. J., Levine, Crew III, Mahoney and Casey, JJ., concur. Ordered that the judgment is modified, on the law, by vacating so much thereof as directed restitution by defendant to Rensselaer County in the sum of $2,002.41, and, as so modified, affirmed.