■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE SELLERS, Appellant. [635 NYS2d 773] —Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered July 30, 1993, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree, burglary in the second degree and conspiracy in the fourth degree.

In full satisfaction of a nine-count indictment, defendant pleaded guilty to the crimes of robbery in the second degree, burglary in the second degree and conspiracy in the fourth degree. In accordance with the plea agreement, defendant was sentenced to 3 to 10 years in prison on the robbery and burglary convictions and 1 to 3 years in prison on the conspiracy conviction, said terms to run concurrently. Defendant asserts that the sentences imposed by County Court are harsh and excessive. Initially, we note that this issue was unpreserved insofar as defendant waived his right to appeal. Nevertheless, the sentences imposed on the robbery and burglary convictions are, in fact, illegal for upon the imposition of a maximum term of imprisonment of 10 years, the permissible minimum was $3^1/3$ years, not 3 years (see, Penal Law § 70.02 [2] [a]; [3] [b]; [4]). Insofar as the sentences were illegal, by operation of law they cannot stand (see, People v Shelton, 100 AD2d 775). This is true even given the waiver of appeal. Because defendant has a right to be sentenced as provided by law, preservation of this issue was not required (see, People v Main, 195 AD2d 1025; People v White, 194 AD2d 1014). Given the fact that the sentence promised to defendant cannot be fulfilled, thereby denying him the benefit of his plea bargain, he is entitled to vacatur of the sentences imposed and should be given the opportunity to withdraw his guilty plea (see, People v Gutierrez, 169 AD2d 882; People v Beach, 152 AD2d 772). While the remainder of the sentence on the conspiracy charge was legal, because that was part and parcel of the plea bargain, it must also be vacated.

Cardona, P. J., Mikoll, Mercure, Crew III and White, JJ., concur. Ordered that the judgment is modified, on the law, by vacating defendant's sentence; matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.