■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND IPPOLITO, Appellant. [662 NYS2d 881] —Judgment unanimously affirmed. Memorandum: Defendant contends that his sentence was illegally imposed because County Court denied his request for an adjournment to consider whether to withdraw his guilty plea after the previously imposed sentence was found to violate the Penal Law (*see,* Penal Law § 70.25 [2-a]). The determination whether to grant an adjournment of

sentencing proceedings rests within the sound discretion of the court and, from our review of the record, we conclude that the court did not abuse its discretion in denying defendant's request (*see, People v Legault,* 180 AD2d 912, 913, *lv denied* 79 NY2d 1051; *People v Payne,* 176 AD2d 827, *lv denied* 79 NY2d 862). Although the court refused to grant the adjournment, the court informed defense counsel prior to sentencing that it would entertain a motion to vacate the plea and sentence but defendant never availed himself of that opportunity (*see, People v Tubbs,* 157 AD2d 915, 916, *lv denied* 76 NY2d 744; *cf., People v West,* 80 AD2d 680, 681).

The remaining contentions of defendant were waived by his voluntary, knowing and intelligent waiver of the right to appeal (*see, People v Moissett,* 76 NY2d 909; *People v Seaberg,* 74 NY2d 1; *People v Saunders,* 190 AD2d 1092, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Seneca County Court, Bender, J.—Attempted Forgery, 2nd Degree.) Present—Denman, P. J., Hayes, Callahan, Doerr and Boehm, JJ.