(December 28, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY P. MARTIN, Appellant. [718 NYS2d 445] —Cardona, P. J. Appeals (1) from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered November 2, 1998, convicting defendant upon his plea of guilty of the crimes of attempted sodomy in the first degree and sexual abuse in the first degree, and (2) from a judgment of said court, rendered March 5, 1999, which resentenced defendant.

In August 1998, defendant pleaded guilty to the crimes of attempted sodomy in the first degree and sexual abuse in the first degree in satisfaction of a multicount indictment. Under the terms of a plea agreement, defendant was to be sentenced to concurrent determinate prison terms of 7½ years on the attempted sodomy charge and 3½ or 4 years on the sexual abuse charge. He also executed a waiver of his right to appeal. Following sentencing, defendant appealed from the judgment of conviction. Upon notification that a determinate sentence for the crime of attempted sodomy in the first degree was not authorized, County Court resentenced defendant to an indeterminate prison term of 4¾ to 9½ years. Defendant also appeals from that judgment.

Initially, inasmuch as defendant's arguments are limited to the propriety of the resentencing, his appeal from the original judgment is deemed abandoned (see, People v Liotta, 274 AD2d 751, 752, n). Concerning the resentencing, defendant contends that because the agreed-upon 7½-year determinate sentence could not be imposed due to illegality, County Court should have granted his request to vacate the plea. The People, on the other hand, assert, inter alia, that defendant's claim is precluded by his waiver of the right to appeal. Since the validity of the waiver is dependent upon whether County Court properly denied defendant's request to withdraw his plea, we shall consider the merits of defendant's claim (see, People v Hill, 170 AD2d 776, lv denied 78 NY2d 923).

We note that "in most instances when a guilty plea has been induced by an unfulfilled promise either the plea must be vacated or the promise honored" (*People v McConnell*, 49 NY2d 340, 346). Where the plea bargain includes a sentence which is illegal because the minimum imposed is less than that required by law, this Court has held that the proper remedy is to vacate the sentence and afford the defendant, having been denied the benefit of the bargain, the opportunity to withdraw the plea (*see, e.g., People v Sellers*, 222 AD2d 941). On the other hand, where the agreed-upon sentence is illegal because it is greater than the legal maximum, the imposition of a legal sentence does not necessarily deprive a defendant of the benefit of the plea bargain. Rather, in such instances, the courts have seen fit to reduce the sentence without affording the defendant the opportunity to withdraw the plea (*see, People v Taylor*, 197 AD2d 858; *People v Iudice*, 168 AD2d 512, *lv denied* 77 NY2d 907; *People v Henderson*, 145 AD2d 676, *lv denied* 73 NY2d 978).

In the case at bar, it is clear that defendant individually and also through counsel requested the opportunity to withdraw his plea. Notably, defendant stood to serve potentially more prison time under the indeterminate $4^3/_4$ to $9^1/_2$-year term imposed upon resentencing than under the determinate $7^1/_2$-year term agreed to under the plea bargain. Although it was defendant who proposed the $4^3/_4$ to $9^1/_2$-year sentence, that suggestion was made at the request of County Court and only in the event the court refused to vacate the plea. Under these circumstances, we conclude that the imposition of the alternative sentence deprived defendant of the benefit of his bargain which entitled him the opportunity to withdraw his plea.

Mercure, Crew III, Peters and Rose, JJ., concur. Ordered that the appeal from the judgment rendered November 2, 1998 is dismissed. Ordered that the judgment rendered March 5, 1999 is reversed, defendant's guilty plea vacated and matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this Court's decision.