■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SWAIN CHAPPELLE, Appellant. [723 NYS2d 544] —Carpinello, J. Appeal from a judgment of the County Court of Ulster County (LaBuda, J.), rendered May 5, 2000, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In satisfaction of a three-count indictment, defendant entered a plea of guilty of the first count which charged criminal possession of a controlled substance in the third degree. Pursuant to the plea bargain, defendant waived his right to appeal and, after his motion to withdraw the plea was denied, he was sentenced as a second felony offender to the agreed-upon indeterminate prison term of 6 to 16 years. Defendant appeals challenging, *inter alia*, the legality of the sentence.

Pursuant to Penal Law § 70.06 (4) (b), "the minimum period of imprisonment under an indeterminate sentence for a second felony offender must be fixed by the court at one-half of the maximum term imposed and must be specified in the sentence." When County Court established defendant's status as a second felony offender, the enhanced minimum term was mandatory (*see, People v Palmer*, 176 AD2d 995, 997, *lv denied* 79 NY2d 951). Thus, the minimum term of the indeterminate sentence imposed by the court clearly did not comply with the mandate of Penal Law § 70.06 (4) (b).

Relying on *People v Martin* (278 AD2d 743), the People argue that the appropriate remedy is to reduce the maximum term of defendant's sentence to 12 years. In the *Martin* case, this Court acknowledged that "where the agreed-upon sentence is illegal because it is greater than the legal maximum, the imposition of a legal sentence does not necessarily deprive a defendant of the benefit of the plea bargain. Rather, in such instances, the courts have seen fit to reduce the sentence without affording the defendant the opportunity to withdraw the plea" (*id.*, at 744). In this case, however, the sentence is not greater than the legal maximum. The 16-year maximum term is legally permissible for a class B felony (*see*, Penal Law § 70.06 [3] [b])

and the 6-year minimum term does not exceed the statutorily mandated one half of the maximum. In any event, contrary to the remedy proposed by the People, the statutory sentencing scheme for second felony offenders does not contemplate the use of the minimum term to calculate a permissible maximum term. Rather, the sentencing court must first fix a permissible maximum term and then impose a minimum term of one half of the maximum.

Where, as here, "the plea bargain includes a sentence which is illegal because the minimum imposed is less than that required by law, this Court has held that the proper remedy is to vacate the sentence and afford the defendant, having been denied the benefit of the bargain, the opportunity to withdraw the plea" (*People v Martin, supra,* at 744; *see, People v Sellers,* 222 AD2d 941). Inasmuch as defendant moved prior to sentencing to withdraw his plea on this ground and argues on appeal that County Court erred in denying the motion, we are of the view that the appropriate remedy in this case is to vacate both the plea and the sentence, and to restore the case to the pre-plea stage.

Cardona, P. J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, defendant's plea and sentence vacated, indictment restored and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.