■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY NORMAN, Appellant. [726 NYS2d 200] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court failed to conduct a sufficient inquiry before accepting his guilty plea and that his plea was not voluntarily, knowingly, and intelligently entered. When defendant indicated during the plea colloquy that he resided in the apartment where the attempted burglary occurred, thus negating an element of the crime of attempted burglary in the first degree (Penal Law §§ 110.00, 140.30 [2]; *see,* Penal Law § 140.00 [5]), the court advised defense counsel to confer with his client. Following an off-the-record discussion between defense counsel and defendant, defendant indicated upon further inquiry by the court that he did not reside in that apartment. Thus, contrary to defendant's contention, the record establishes that the court conducted a sufficient inquiry and that the plea was voluntarily, knowingly, and intelligently

entered (*see, People v Valenti,* 264 AD2d 904, 905-906, *lv denied* 94 NY2d 926; *People v Murray,* 255 AD2d 997, *lv denied* 93 NY2d 975). Contrary to the further contention of defendant, the court did not abuse its discretion in denying his motion to withdraw the plea (*see,* CPL 220.60 [3]; *People v Schrecengost,* 273 AD2d 937, 938, *lv denied* 95 NY2d 938; *People v Martin,* 240 AD2d 5, 8, *lv denied* 92 NY2d 856). (Appeal from Judgment of Erie County Court, D'Amico, J.—Attempted Burglary, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.