■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN M. SHEILS, Appellant. [732 NYS2d 269] —Lahtinen, J. Appeal from a judgment of the County Court of Fulton County (Lomanto, J.), rendered December 20, 1999, which resentenced defendant following his conviction of the crime of criminal possession of a controlled substance in the third degree.

Defendant was indicted on five counts of varying degrees of criminal possession of a controlled substance, one of which was a class A-I felony. Pursuant to a plea bargain, and after some initial protestations of innocence which prompted further inquiry, defendant entered a plea of guilty to the entire indictment. He was thereafter sentenced to the agreed-upon concurrent prison terms, which included a term of six years to

life on the class A-I felony. Upon subsequently learning that the sentence on the class A-I felony was illegal because a minimum sentence of 15 years to life was required (*see*, Penal Law § 70.00 [3] [a] [i]), County Court vacated defendant's conviction of that crime only and, in its place, attempted to allocute a plea to a reduced class A-II felony drug possession crime. Although defendant stated that he wanted to plead guilty to the reduced crime, he denied possessing any drugs and repudiated his prior admissions upon which the original plea was based. Nevertheless, based upon those earlier admissions, County Court accepted defendant's plea to the reduced crime and imposed a prison sentence of six years to life to run concurrently with the remaining terms previously imposed. Defendant appeals only from the judgment which resentenced him.

"Where the plea bargain includes a sentence which is illegal because the minimum imposed is less than that required by law, this Court has held that the proper remedy is to vacate the sentence and afford the defendant, having been denied the benefit of the bargain, the opportunity to withdraw the plea" (*People v Martin*, 278 AD2d 743, 744 [citation omitted]). Inasmuch as the entire sentence is "part and parcel of the plea bargain," it must be vacated in its entirety regardless of whether portions of the sentence are legal (*People v Sellers*, 222 AD2d 941). The question posed by this appeal is whether vacatur of the entire sentence and offering defendant the opportunity to withdraw the plea is the only proper remedy. We conclude that it is not.

The principles underlying the rule stated in *People v Martin* (*supra*) can be found in *People v McConnell* (49 NY2d 340), where the Court of Appeals explained that "in most instances when a guilty plea has been induced by an unfulfilled promise either the plea must be vacated or the promise honored, but * * * the choice rests in the discretion of the sentencing court" (*id.*, at 346). Accordingly, where the sentence imposed pursuant to a plea bargain is illegal because it is greater than that permitted by law, the sentencing court can reduce the sentence without affording the defendant the opportunity to withdraw the plea, provided that the reduced sentence gives the defendant the full benefit of the plea bargain (*compare*, *People v Henderson*, 145 AD2d 676, *lv denied* 73 NY2d 978, *with People v Martin*, *supra*). In this case, County Court reduced the top count of the indictment, with the apparent consent of the People, so that the sentence upon which the plea bargain was based could legally be imposed. In these circumstances, the full benefit of the plea bargain remained intact and, therefore, we

see no abuse of discretion in County Court's remedy, which effectively honored that bargain.

We reject defendant's claim that his protestations of innocence at resentencing requires a different conclusion. When defendant initially appeared for his plea, he made numerous statements which negated one or more essential elements of the crimes charged in the indictment and County Court, with the assistance of defense counsel and the Assistant District Attorney, conducted a thorough inquiry in accordance with the requirements of *People v Lopez* (71 NY2d 662). As a result of this inquiry, defendant voluntarily admitted the elements of the crimes. His subsequent protestations of innocence at resentencing raised the same issues that had been fully explored during the earlier allocution and, despite the protestations of innocence, defendant not only failed to seek to withdraw his earlier plea, he also stated that he wanted to plead guilty to the reduced charge in place of the class A-I felony so that he could receive the bargained-for sentence. In these circumstances, there is no basis to disturb the judgment.

Cardona, P. J., Crew III, Spain and Rose JJ., concur. Ordered that the judgment is affirmed.