■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID G. VARNUM, Appellant. [738 NYS2d 726] —Mugglin, J. Ap-

peals (1) from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered March 7, 2000, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree, and (2) from a judgment of said court, rendered June 15, 2000, which resentenced defendant.

Defendant pleaded guilty to the crime of sexual abuse in the first degree in full satisfaction of the charges against him and was thereafter sentenced to an agreed-upon determinate term of three years in prison. Following sentencing, defendant appealed from the judgment of conviction. Upon subsequently learning that the sentence imposed was illegal given the date of the occurrence of the underlying act, County Court resentenced defendant to a term of 1¾ to 3½ years in prison in accordance with Penal Law § 70.02 (4). Defendant also appeals from that judgment.

Initially, we note that "inasmuch as defendant's arguments are limited to the propriety of the resentencing, his appeal from the original judgment is deemed abandoned" (*People v Martin*, 278 AD2d 743, 743). Turning to the resentencing, we note that defendant's waiver of his right to appeal does not preclude our review of his challenge to the resentencing inasmuch as the plea was entered pursuant to conditions that changed after defendant's waiver (*see generally*, *People v Hoeltzel*, 290 AD2d 587). The Court of Appeals has held that "in most instances when a guilty plea has been induced by an unfulfilled promise either the plea must be vacated or the promise honored, but * * * the choice rests in the discretion of the sentencing court" (*People v McConnell*, 49 NY2d 340, 346; *see*, *People v Sheils*, 288 AD2d 504, 505; *People v Martin*, *supra*). Here, however, County Court neither vacated the plea nor honored the promise. Rather, relying on the "good time" allowances enunciated in Correction Law § 803 (1), County Court imposed an indeterminate sentence which would roughly equate to the illegal determinate sentence if maximum good time allowances were received. The difficulty, of course, is that if defendant does not receive the good time allowances, he may serve six months more as a result of the resentence. Even where we have permitted the reduction of an illegal sentence without giving the defendant an opportunity to withdraw the plea, we have added a proviso that the reduced sentence must give the defendant the full benefit of the plea bargain (*see*, *People v Sheils*, *supra*). The addition of six months to the maximum term of incarceration deprived defendant of the benefit of his bargain and this entitled him the opportunity to withdraw his plea.

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment rendered March 7, 2000 is affirmed. Ordered that the judgment rendered June 15, 2000 is reversed, on the law, guilty plea vacated and matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this Court's decision.