■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS DALLIO, Appellant. [795 NYS2d 804]—

Peters, J.P. Appeal from a judgment of the County Court of Franklin County (Rogers, J.), rendered April 21, 2004, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.

While incarcerated at Franklin Correctional Facility in Franklin County serving a sentence for murder in the second degree, defendant was indicted on a single count of assault in the second degree after he struck a correction officer in the face with his handcuffs. Defendant agreed to plead guilty to attempted assault in the second degree and in return defendant was promised a prison term of 2 to 4 years. When asked if he wanted to plead guilty, defendant stated that he was "willing" to do so based on his attorney's recommendation. County Court advised him that it should be his "choice" whether to accept the plea, and asked him whether he struck and attempted to injure another person. Defendant replied, "yes," but clarified that it "really . . . was an attempt" to injure the victim. Defendant then asked that the record reflect that his plea also covered a second altercation at the correctional facility. Defendant acknowledged that he had time to speak with his attorney, that no one had forced him into pleading guilty, and that he had not consumed any alcohol or drugs. The plea included a waiver of the right to appeal, except as to the harshness of the sentence. At sentencing, defendant complained of a pattern of abusive behavior by prison employees and claimed that he was justified in his attempted assault on the victim and asked that the charges be dismissed. County Court stated that defendant had entered a voluntary plea and sentenced him in accordance with the agreement. Defendant now appeals.

Defendant's challenge to the sufficiency of the plea allocution is precluded by his waiver of the right to appeal, as well as by his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Kelly*, 3 AD3d 789, 789 [2004], *lv denied* 2 NY3d 801 [2004]; *People v Kalenak*, 2 AD3d 902, 902 [2003]; *lv denied* 1 NY3d 629 [2004]). Furthermore, the excep-

tion to the preservation rule is inapplicable, as defendant made no statements during the plea allocution that were inconsistent with his guilt and, indeed, his responses to County Court's questions established the elements of the crime (*see People v Lopez,* 71 NY2d 662, 666 [1988]; *People v Kelly, supra* at 789; *People v Kalenak, supra* at 902; *People v Kemp,* 288 AD2d 635, 636 [2001]). While defendant claimed at sentencing that a pattern of abusive behavior at the correctional facility justified his actions, he never asked to withdraw his guilty plea and, in any event, defendant's comments do not support a justification defense (*see People v McFadgen,* 274 AD2d 830, 831-832 [2000], *lv denied* 95 NY2d 966 [2000]).

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.