■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. TAUSINGER, Appellant. [801 NYS2d 106]—

Peters, J. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered October 30, 2002, convicting defendant upon his plea of guilty of the crimes of arson in the third degree and criminal possession of a weapon in the third degree.

Defendant was charged with several crimes after he set fire to his estranged wife's home in the Town of Bolton, Warren County, and was found to be in unlawful possession of a handgun. Pursuant to a negotiated plea agreement, defendant entered an *Alford* plea to the crimes of arson in the third degree and criminal possession of a weapon in the third degree, waiving his right to appeal. He was then sentenced to agreed-upon concurrent prison terms of 2 to 6 years on the arson count and three years on the possession count. Thereafter, County Court determined that the three-year sentence for the possession count was illegal and resentenced defendant without objection to 1 to 3 years in prison, to run concurrently with the other sentence. Defendant now appeals.

While not encompassed by his general appeal waiver, defendant's challenge to the voluntariness of his plea is unpreserved for our review given his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Santalucia*, 19 AD3d 806, 807 [2005]; *People v Mondore*, 18 AD3d 961, 961 [2005]). Likewise, defendant's challenge to the factual sufficiency of the plea allocution is precluded by both his appeal waiver as well as his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Bethea*, 19 AD3d 813, 814 [2005]; *People v Dallio*, 19 AD3d 717, 717 [2005]). Were we to consider these claims, we would find them to be unavailing.

Although defendant asserts that his plea to arson in the third degree was deficient insofar as he did not admit that he intentionally set fire to the home (*see* Penal Law § 150.10 [1]), it is not necessary that a defendant recite every essential element in connection with an *Alford* plea, and all that is required is a finding that the plea "represents a voluntary and intelligent choice among the alternative courses of action open" (*North Carolina v Alford*, 400 US 25, 31 [1970]; *see Matter of Silmon v Travis*, 95 NY2d 470, 474 n 1 [2000]; *People v Green*, 249 AD2d 691, 693 [1998]; *People v Martinez*, 243 AD2d 923, 924 [1997]). Here, County Court apprised defendant of the terms of the plea offer and the consequences of pleading guilty, including the rights that he was waiving. Defendant indicated that he understood and that he wished to enter an *Alford* plea to avoid the risk of a lengthier sentence if convicted after a trial. More-

over, defendant confirmed that he was entering the plea voluntarily and that he had discussed the matter with his counsel and was satisfied with his representation. Under these circumstances, we find no reason to vacate the plea in the interest of justice (*see People v Stewart*, 307 AD2d 533, 534 [2003]; *People v Ruger*, 279 AD2d 795, 796-797 [2001], *lv denied* 96 NY2d 806 [2001]).

Next, although defendant's waiver of his right to appeal does not preclude our review of his challenge to the resentencing inasmuch as he entered the plea under conditions that changed following the waiver (*see People v Rowland*, 11 AD3d 825, 825 [2004]; *People v Varnum*, 291 AD2d 724, 725 [2002]), the record reveals that defendant consented to the resentencing and received a favorable sentence that preserved the full benefit of the original plea bargain. As County Court had the inherent power to correct the illegal sentence under these circumstances (*see People v Sheils*, 288 AD2d 504, 505-506 [2001], *lv denied* 97 NY2d 733 [2002]), we discern no error. Moreover, we find no abuse of discretion or extraordinary circumstances to warrant a reduction in the resentence (*see People v Vahedi*, 19 AD3d 810, 811 [2005]).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.