■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS E. McCAWLEY, Appellant. [803 NYS2d 490]—

Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered September 8, 2004. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree (two counts), criminal use of a firearm in the first degree (two counts) and robbery in the first degree (four counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts each of burglary in the first degree (Penal Law § 140.30 [1], [4]) and criminal use of a firearm in the first degree (§ 265.09 [1] [b]) and four counts of robbery in the first degree (§ 160.15 [2], [4]). We reject the contention of defendant that County Court failed to ensure that his plea was knowingly, intelligently, and voluntarily entered (*see People v Vincent*, 305 AD2d 1108, 1109 [2003], *lv denied* 100 NY2d 588 [2003]; *People v Norman*, 284 AD2d 933 [2001], *lv denied* 96 NY2d 905 [2001]). Nothing in the plea colloquy calls into question defendant's mental capacity or the knowing and intelligent nature of the plea (*see People v Smith*, 5 AD3d 1095 [2004], *lv denied* 2 NY3d 807 [2004]; *People v D'Adamo*, 281 AD2d 751, 752 [2001]). We thus conclude that the court did not abuse its discretion in accepting the plea or in denying defendant's subsequent motion to withdraw the plea on the ground that defendant allegedly was so "heavily medicated" and "sedated" that he was unable to plead guilty in a knowing and intelligent manner. Moreover, the conclusory and unsubstantiated assertion of defendant at sentencing that his plea was coerced is refuted by defendant's statements during the plea proceeding (*see People v McKinnon*, 5 AD3d 1076 [2004], *lv denied* 2 NY3d 803 [2004]; *People v Quijada-Lopez*, 256 AD2d 478 [1998], *lv denied* 93 NY2d 928 [1999]). Finally, the

bargained-for sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.

 In the Matter of EDWARD S. REICH, an Attorney, Respondent. [804 NYS2d 284]—Order of suspension entered pursuant to Judiciary Law § 90 (4) (f) and (g). Present—Green, J.P., Scudder, Gorski, Pine and Hayes, JJ.