■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN MARTINEZ, Also Known as ZOK, Appellant. [835 NYS2d 775]— Lahtinen, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 24, 2004, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree. County Court subsequently sentenced him in accor-

dance with the negotiated plea agreement to a prison term of 6 to 12 years. Defendant then appealed and this Court rejected an *Anders* brief and assigned new counsel (31 AD3d 817 [2006]). We now affirm.

Defendant asserts that County Court coerced him into pleading guilty and, therefore, his plea must be set aside as invalid. Such an assertion, however, is unpreserved for our review given defendant's failure to move for withdrawal of his plea or vacatur of the judgment of conviction (*see People v Perez*, 35 AD3d 1030, 1031 [2006]). In any event, a review of the plea proceedings satisfies us that defendant's guilty plea was not the subject of coercion and that he entered it voluntarily, knowingly and intelligently (*see People v Keebler*, 15 AD3d 724, 726 [2005], *lv denied* 4 NY3d 854 [2005]).

Defendant also contends that his sentence was harsh and excessive. Inasmuch as the record reveals that defendant did not validly waive his right to appeal (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]), we have considered this issue on the merits, yet discern neither an abuse of discretion by County Court nor any extraordinary circumstances warranting a reduction of the lawful, agreed-upon sentence in the interest of justice (*see People v Marshall*, 25 AD3d 876, 877 [2006], *lv denied* 6 NY3d 850 [2006]).

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed.