THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT ADAMS, Appellant. [845 NYS2d 593]—

Appeal from a judgment of the Erie County Court (Sharon M. LoVallo, A.J.), rendered November 10, 2005. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree and criminal contempt in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20) and criminal contempt in the first degree (§ 215.51 [b] [v]). Contrary to the contention of defendant, County Court did not abuse its discretion in denying his motion to withdraw his plea (*see People v Leonard*, 306 AD2d 940 [2003]; *see also People v Selikoff*, 35 NY2d 227, 241 [1974], *cert denied* 419 US 1122 [1975]). The plea colloquy establishes that defendant's plea was knowingly, intelligently, and voluntarily entered (*see People v McCawley*, 23 AD3d 1157 [2005], *lv denied* 6 NY3d 778 [2006]). Defendant's assertions of innocence and duress are unsubstantiated and conclusory (*see generally People v Lowrance*, 41 NY2d 303, 304-305 [1977]; *People v Dixon*, 29 NY2d 55, 57 [1971]; *McCawley*, 23 AD3d 1157 [2005]).

We further conclude, however, that the sentence imposed is illegal and therefore cannot stand, despite defendant's failure to raise the issue in the trial court or on appeal (*see People v Davis*, 37 AD3d 1179, 1180 [2007], *lv denied* 8 NY3d 983 [2007]; *People v Price*, 140 AD2d 927 [1988]). First, although the certificate of conviction indicates that defendant was sentenced as a second felony offender, it appears from the sentencing minutes that defendant was in fact sentenced as a first felony offender, and thus the sentence is illegal on that ground. The court was required to sentence defendant as a second felony offender based on the evidence before it that defendant had been convicted of a prior felony within the 10 years preceding his commission of the present felonies (*see* Penal Law § 70.06 [1] [b] [iv]; *People v Scarbrough*, 66 NY2d 673 [1985], *revg on dissenting op of Boomer, J.*, 105 AD2d 1107, 1107-1109 [1984]; *People v Martinez*,

213 AD2d 1072 [1995]). Second, even assuming, arguendo, that the court properly sentenced defendant as a second felony offender, we conclude that the sentence is illegal because it was not in compliance with Penal Law § 70.06 (4) (b). The court sentenced defendant to terms of 2¹/₃ to 7 years on the burglary count and 1¹/₃ to 4 years on the criminal contempt count but, pursuant to section 70.06 (4) (b), the minimum period of imprisonment for an indeterminate sentence must be one half of the maximum imposed (*see generally People v Chappelle*, 282 AD2d 834 [2001]). Finally, we conclude that the court erred in increasing defendant's sentence from concurrent to consecutive terms after he refused to sign the no-contact order of protection. That "increase cannot be justified under sentencing procedures nor supported under the guise of punishment for contempt of court" (*People v Culpepper*, 33 NY2d 837, 838 [1973], *cert denied* 417 US 916 [1974]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing before a different judge in accordance with our decision. Present—Scudder, P.J., Hurlbutt, Fahey, Green and Pine, JJ.