■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL SQUITIERI, Appellant. [875 NYS2d 619]—

Peters, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered May 30, 2008, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and unauthorized use of a motor vehicle in the first degree.

In satisfaction of a four-count indictment, defendant agreed to plead guilty to burglary in the second degree and unauthorized use of a motor vehicle in the first degree. During his initial

plea colloquy, defendant made statements inconsistent with his guilt on the burglary count, and County Court declined to accept defendant's plea and adjourned the case. The parties then altered the plea agreement to provide for a shorter sentence, and defendant admitted his guilt to the same counts of the indictment in a second plea colloquy. Defendant waived his right to appeal as part of the agreement. County Court sentenced defendant, as agreed, to a 9½-year prison term with postrelease supervision on the burglary count, with the shorter sentence on the unauthorized use count to run concurrently. County Court resentenced defendant after learning that the sentence on the unauthorized use count was illegal, but the aggregate sentence was unaffected. Defendant appeals.

We affirm. Defendant's argument that his plea was coerced is unpreserved due to his failure to move to withdraw his plea or to vacate the judgment of conviction (*see People v Martinez*, 40 AD3d 1309, 1310 [2007]). The narrow exception to the preservation requirement is not implicated by defendant's first plea colloquy, as County Court satisfied its duty of further inquiry and defendant failed to dispute the court's remedial efforts prior to his second colloquy (*see People v Moore*, 270 AD2d 715, 716 [2000], *lv denied* 95 NY2d 800 [2000]). In any event, upon our review of the second colloquy, we are satisfied that defendant's plea did not result from coercion and was knowingly, voluntarily and intelligently made (*see People v Martinez*, 40 AD3d at 1310).

In addition, we are not persuaded that defendant's guilty plea was rendered unknowing, involuntary and unintelligent by the illegality of the sentence on the unauthorized use count. Defendant elected not to withdraw his plea and stated his continued satisfaction with the plea agreement prior to resentencing and, as a result, no ground for reversal exists (*see People v Tausinger*, 21 AD3d 1181, 1183 [2005]; *People v Tubbs*, 157 AD2d 915, 916 [1990], *lv denied* 76 NY2d 744 [1990]).

Cardona, P.J., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.