■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVAN NIX, Appellant. [895 NYS2d 904]—

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered November 3, 2008. The judgment convicted defendant, upon a nonjury verdict, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of burglary in the second degree (Penal Law § 140.25 [2]). We reject the contention of defendant that he was denied his right to effective assistance of counsel based on defense counsel's alleged shortcomings (*see generally People v Turner*, 5 NY3d 476, 479-481 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

We conclude, however, that Supreme Court erred in sentencing defendant as a second felony offender rather than as a second *violent* felony offender (*see People v Scarbrough*, 66 NY2d 673, 674 [1985], *revg on dissenting mem of Boomer, J.*, 105 AD2d 1107, 1107-1109 [1984]). Pursuant to CPL 400.15 (1), the procedures set forth therein "must be followed in any case where it appears that a defendant who stands convicted of a violent felony offense . . . has previously been subjected to a predicate violent felony conviction . . . and may be a second vi-

olent felony offender" (see Scarbrough, 66 NY2d at 674). The court's failure to follow the statutory mandate renders the sentence "invalid as a matter of law," and thus the sentence must be set aside (CPL 440.40 [1]; see People v Motley [appeal No. 3], 56 AD3d 1158, 1159 [2008]). We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court for resentencing in compliance with CPL 400.15. Present—Smith, J.P., Centra, Fahey and Pine, JJ.