■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE COLLIER, Appellant. [935 NYS2d 737]—

Rose, J.

Defendant contends that County Court erroneously refused his request to withdraw his guilty plea and resentenced him to a greater term of imprisonment than that agreed to under the plea agreement thereby rendering the plea involuntary. He bases this argument on the fact that County Court resentenced him to 10 years in prison on the fifth count, which was greater than the five-year term agreed to in the plea agreement. In fact, defendant actually received a lesser sentence under the resentence than the one he agreed to under the plea agreement because County Court directed that the sentences run concurrently, instead of consecutively, thereby reducing his aggregate prison exposure from 30 to 25 years. Thus, defendant received a sentence that was better than "the benefit of his bargain" upon resentencing, and County Court was not required to allow him to withdraw his plea (*see generally People v Sheils*, 288 AD2d 504, 505 [2001], *lv denied* 97 NY2d 733 [2002]; *compare People v Martin*, 278 AD2d 743, 744 [2000]; *People v Sellers*, 222 AD2d 941 [1995]). Although defendant contends that the resentence would expose him to a longer sentence if his conviction of the first count of the indictment—for which he received 25 years in prison—were reversed, that possibility is precluded by the fact that his conviction was affirmed on direct appeal (52 AD3d 1121 [2008], *lv denied* 11 NY3d 786 [2008]) and his CPL article 440 motion was already addressed in the appeal wherein this Court vacated his sentence on the fifth count, but left the sentence imposed on the first count undisturbed (79 AD3d 1162 [2010]). Contrary to defendant's claim, *People v Rowland* (8 NY3d 342 [2007]) is factually distinguishable as it involved the reversal of a preexisting conviction and, therefore, does not require a different result.

Peters, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.