People v Considine (2018 NY Slip Op 08834)





People v Considine


2018 NY Slip Op 08834


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1313 KA 18-00289

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARTIN CONSIDINE, II, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered November 14, 2017. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]). Defendant was sentenced to an indeterminate term of 1 to 3 years' imprisonment, a consecutive one-year conditional discharge, and a fine of $1,000. That sentence is illegal because the conditional discharge term must be three years under these circumstances (see Penal Law §§ 60.21, 65.05 [3] [a]; Vehicle and Traffic Law § 1193 [1] [c] [iii]). Although the issue is not raised by either party, we cannot allow an illegal sentence to stand (see People v Southard, 163 AD3d 1461, 1461 [4th Dept 2018]; People v Sellers, 222 AD2d 941, 941 [3d Dept 1995]). We therefore vacate the sentence and remit the matter to Supreme Court to afford defendant the opportunity to either withdraw his plea or be resentenced to the legal term of conditional discharge (see Sellers, 222 AD2d at 941; see generally People v Ciccarelli, 32 AD3d 1175, 1176 [4th Dept 2006]). Defendant's appellate contentions are academic in light of our determination.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court