People v Sumter (2019 NY Slip Op 01460)





People v Sumter


2019 NY Slip Op 01460


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

110261

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
THOMAS SUMTER, Appellant.

Calendar Date: February 8, 2019

Before: Garry, P.J., Clark, Mulvey, Rumsey and Pritzker, JJ.


Erin C. Morigerato, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Connolly, J.), rendered February 28, 2018 in Albany County, which resentenced defendant upon his conviction of the crime of attempted criminal sale of a controlled substance in the third degree.
In 2013, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and waived the right to appeal. County Court (Herrick, J.) sentenced him, as a second felony drug offender, to time served and five years of probation, with the understanding that if defendant violated his probation he would be sentenced to a term of imprisonment of between seven and eight years. Defendant subsequently admitted to violating his probation and again waived the right to appeal. County Court thereafter revoked defendant's probation and sentenced him, as a second felony drug offender, to seven years in prison, to be followed by three years of postrelease supervision. On appeal, we agreed with defendant that he was improperly adjudicated a second felony drug offender (157 AD3d 1125 [2018]). Accordingly, we vacated defendant's sentence and remitted the matter for resentencing (id. at 1126). Upon remittal, Supreme Court resentenced defendant, as a first-time felony drug offender, to 5½ years in prison, to be followed by two years of postrelease supervision. Defendant appeals.
Initially, defendant's waiver of the right to appeal regarding his plea to the probation violation was entered under the misconception by all parties that defendant was a second felony drug offender. Accordingly, the waiver does not preclude our review of defendant's appeal on resentencing because "the plea was entered pursuant to conditions that changed after defendant's waiver" (People v Varnum, 291 AD2d 724, 725 [2002]; see People v Tausinger, 21 AD3d 1181, 1183 [2005]). We agree with defendant's argument on appeal that the Albany County Public Defender's office was precluded, as a matter of law, from representing him at the resentencing hearing because the Public Defender, prior to being appointed to that position, was the County Judge who presided over and initially sentenced him in this matter (see Judiciary Law § 17; see also People v Oakley, 104 AD3d 1059, 1059-1060 [2013]; Matter of Czajka v Koweek, 100 AD3d 1136, 1138-1139 [2012], lv denied 20 NY3d 857 [2013]). Accordingly, the judgment resentencing defendant must be reversed and the matter remitted for resentencing, with different [*2]representation assigned to defendant. Defendant's remaining claim — that the resentence is harsh and excessive — has been rendered academic in light of the foregoing.
Garry, P.J., Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the Supreme Court for resentencing.