■ EDWARD A. FACCIOLI, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 41282.) — REYNOLDS, J. Appeal by the claimant from a judgment of the Court of Claims dismissing his claim for damages based on an allegedly false arrest. On July 15, 1962 claimant was arrested by a State Trooper when he refused to vacate New York State Thruway property posted with " no trespassing " signs. An information was issued immediately following this arrest charging the claimant with a " violation of Article 3, Section 2 of the Thruway Rules and Regulations ". Section 2 of article 3 (21 NYCRR 102.2) forbids hitchhiking and loitering but concededly claimant was not hitchhiking nor was he loitering. The information, however, in describing claimant's offense makes quite clear the fact that trespassing in a no trespass area was the gravamen of his misconduct. Thereafter, on July 30, 1962 a new information was issued charging claimant with a " violation of Article 4, Section 1 of the Thruway Rules and Regulations ". Section 1 of article 4

(21 NYCRR 103.1) penalizes any refusal to comply with any order of the State Police and, in addition, it penalizes refusal to comply with traffic control signs. In describing claimant's offense, however, this information also clearly indicates that it was claimant's trespass in violation of the "no trespass" signs which was the basis of the charge. Claimant was tried and convicted under this information and no appeal was taken from that conviction. Claimant here does not dispute the existence of the "no trespassing" signs, that he knew his presence there was improper or that he was directed by the trooper to leave the area and refused to do so. Section 177 of the Code of Criminal Procedure, as it read prior to its amendment in 1963, required that if a misdemeanor arrest were made as here without a warrant, the offense for which it was made must actually have been committed in the arresting officer's presence (*People* v. *Caliente*, 12 N Y 2d 89; *People* v. *Dreares*, 15 A D 2d 204, affd. 11 N Y 2d 906; *Stearns* v. *Titus*, 193 N. Y. 272). Claimant, reasoning from this principle, argues that since the information indicated that the arrest was for either hitchhiking or loitering or failing to obey traffic control signs and since he did not, in fact, commit either of these offenses, the arrest without a warrant was illegal. Furthermore, citing *Snead* v. *Bonnoil* (166 N. Y. 325), claimant asserts that the fact that he may have been actually guilty of a different offense will not justify or legalize the arrest. We cannot agree with this position. First the correctness of the informations drawn after the arrest is not directly controlling on the propriety of the arrest itself. Moreover, in *People* v. *Ryan* (12 A D 2d 841) this court held that the specific section number need not appear in an indictment or information; that its inclusion is mere surplusage; and that if the language of the indictment or information describing the crime or offense charged is sufficiently clear the fact that the wrong section is cited is irrelevant absent an affirmative showing of prejudice. Thus the pertinent question here is solely whether the arrest was legally justified. In our opinion it was. On the facts presented claimant was guilty of a criminal act of trespass under section 2036 of the Penal Law and also under article 3 (§ 1, subd. a) (21 NYCRR 102.1 [a]) of the Thruway Rules and Regulations which prohibits unauthorized pedestrians (subject to one exception not here relevant) from Thruway property. Moreover, in any event, the arrest was legally justifiable in that claimant by refusing to obey the lawful command of the trooper to remove himself from Thruway property violated section 1 of article 4 of the Thruway Rules and Regulations. The rationale of *Snead* v. *Bonnoil* (*supra*) is not applicable here since we do not have an arrest for one crime which turns out not to have been committed but which lead to the discovery of a *previously unknown crime* which would justify arrest but rather two separate patent criminal acts committed in the presence of the arresting officer either of which would form the legitimate basis for an arrest without a warrant. Judgment affirmed, without costs. Gibson, P. J., Taylor, Aulisi and Staley, Jr., JJ., concur.