(May 22, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RIVERA, Appellant. [858 NYS2d 825]—

Mercure, J.P. Appeals (1) from a judgment of the County Court of Ulster County (Czajka, J.), rendered August 19, 2005, convicting defendant upon his plea of guilty of the crimes of assault in

the second degree and criminal possession of a weapon in the third degree, and (2) from a judgment of said court, rendered February 10, 2006, which resentenced defendant following his conviction of the crime of criminal possession of a weapon in the third degree.

While the jury was deliberating at his trial, defendant pleaded guilty to the indictment, which charged him with assault in the second degree and criminal possession of a weapon in the third degree. The charges arose from an altercation in a bar in the Town of New Paltz, Ulster County, during which defendant stabbed the victim with a pocket knife. Defendant was ultimately sentenced as a second felony offender to three years in prison to be followed by three years of postrelease supervision on the conviction of assault in the second degree, and a concurrent term of 2 to 4 years in prison on the conviction of criminal possession of a weapon in the third degree. Defendant now appeals, seeking vacatur of his plea. Inasmuch as there is no dispute in the briefs that defendant was not advised of the duration of the mandatory period of postrelease supervision prior to sentencing, we agree that vacatur is required and, therefore, now reverse.

It is well settled that while " '[t]he court is not required to engage in any particular litany when allocuting the defendant, . . . due process requires that the record must be clear that the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant' " (*People v Louree*, 8 NY3d 541, 544-545 [2007] [citation omitted]). Thus, "a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, [and] the failure of a court to advise of postrelease supervision requires reversal of the conviction" (*People v Catu*, 4 NY3d 242, 245 [2005]; *accord People v Hill*, 9 NY3d 189, 191 [2007], *cert denied* 553 US —, 128 S Ct 2430 [2008]; *People v Louree*, 8 NY3d at 545; *People v Van Deusen*, 7 NY3d 744, 745-746 [2006]). Furthermore, reversal is required regardless of whether a defendant's sentence, including postrelease supervision, is less than the total potential period of incarceration to which defendant agreed; "it [is] 'irrelevant that the prison sentence added to postrelease supervision is within the range of prison time promised at the allocution.' Harmless error doctrine is inapposite when analyzing remedies for *Catu* errors" (*People v Hill*, 9 NY3d at 192 [citations omitted]).

Moreover, although the various Departments of the Appellate Division had generally held that the preservation requirement

applies to *Catu* errors (*see e.g. People v Yanas*, 36 AD3d 1149, 1150 [2007] [and cases cited therein]), the Court of Appeals has now established that "where a trial judge does not fulfill the obligation to advise a defendant of postrelease supervision during the plea allocution, the defendant may challenge the plea as not knowing, voluntary and intelligent on direct appeal, notwithstanding the absence of a postallocution motion" (*People v Louree*, 8 NY3d at 545-546).[1] More specifically, the Court concluded that when a defendant is not informed of postrelease supervision until sentencing, a postallocution motion is not required because "a defendant can hardly be expected to move to withdraw his plea on a ground of which he has no knowledge" (*id.* at 546). Hence, the Court deemed *Catu* errors to be similar to the rare cases in which "a defendant's factual recitation negates an essential element of the crime pleaded to"— evincing that the plea is not intelligently entered—"and the trial court fails in its duty to make further inquiry and instead accepts the plea" (*id.* at 545; *see People v Lopez*, 71 NY2d 662, 666 [1988]). In so holding, the Court expressly relied upon "the actual or practical unavailability" of the postallocution procedural devices when a defendant is not made aware of postrelease supervision until sentencing (*People v Louree*, 8 NY3d at 546), i.e., a motion to withdraw a plea may be made only "before the imposition of sentence" (CPL 220.60 [3]) and CPL article 440 motions are not available because any omission would be clear from the face of the record (*see* CPL 440.10 [2]; *People v Louree*, 8 NY3d at 546).

Here, the record reveals that defense counsel acknowledged, in an affirmation supporting a CPL 220.60 motion made several months prior to sentencing, that defendant "entered a plea of guilty to the [i]ndictment in exchange for a recommendation of the minimum sentence . . . followed by a period of post release supervision." We note that defendant averred that he had "reviewed . . . and agree[d] with everything stated in the [a]ffirmation of" counsel. We need not decide, however, whether this evidence would be sufficient to demonstrate that defendant was aware of the postrelease supervision requirement at the time of the plea, because it was not until the sentencing proceeding that the People alerted County Court that the *duration* of the period of postrelease supervision would be three years. While defense counsel expressly agreed that three years was the proper length of such supervision when given an opportunity to address the matter before the imposition of sentence, there is no

---

1. To the extent that our prior cases conflict with the holding in *Louree* that preservation is not required, they are no longer to be followed.

indication in the record that defendant was aware of the statutorily mandated[2] length of the period of postrelease supervision to be imposed or the particular period to which he would be subjected until the time of sentencing. In our view, "[w]ithout knowledge of the [duration] of postrelease supervision, it was simply not possible for defendant herein to possess the full understanding necessary to an informed plea" (*People v Boyd*, 51 AD3d 325, 329 [2008]). Accordingly, under these circumstances and given the practical inability of defendant to move to withdraw his plea prior to imposition of the sentence, we conclude that reversal is required despite the absence of a postallocution motion by defendant (*see id.* at 328-330; *People v Louree*, 8 NY3d at 545-546; *see also People v Hill*, 9 NY3d at 192; *People v Van Deusen,* 7 NY3d at 746).

Peters, Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgments are reversed, on the law, plea vacated, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.

---

2. Inasmuch as defendant pleaded guilty to a violent felony offense as a second felony offender, the statutorily mandated period of postrelease supervision is five years (*see* Penal Law § 70.06 [6] [c]; § 70.45 [2]; *People v Chestnut*, 18 AD3d 965, 966 [2005]).