■ The People of the State of New York, Respondent, v William J. Tausinger, Appellant. [865 NYS2d 383]—

Kavanagh, J. Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered August 29, 2007, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

In March 2007, defendant pleaded guilty to assault in the second degree and, pursuant to the negotiated plea agreement, the imposition of his sentence was adjourned for two months. It was agreed that if, during those two months, defendant cooperated with the Warren County Sheriff's Department and complied with certain conditions imposed in connection with his release, he would be placed on interim probation for six months. If he successfully completed that period of probation, he would be allowed to withdraw his guilty plea, enter a plea to a misdemeanor and be sentenced to, among other things, time served and three years of probation. Defendant was also made aware that if he failed to comply with these conditions, when sentence was ultimately imposed, it could potentially be "to the maximum." Defendant was not informed that a period of postrelease supervision would also be imposed as part of such a sentence. Subsequently, a bench warrant was issued for defendant's arrest because he failed, as required by the terms of his plea, to maintain contact with the Sheriff's Department and did not otherwise comply with the conditions of his release.

When defendant appeared before County Court on the war-

rant, the People recommended that a prison sentence of 2¹/₃ to 7 years be imposed. County Court ultimately sentenced defendant to a prison sentence of 4¹/₂ years, plus three years of postrelease supervision. Defendant now appeals, contending that because County Court failed to inform him during the plea allocution that he would be subject to a period of postrelease supervision, his plea was not knowingly, voluntarily and intelligently entered.

Initially, defendant's claim challenging the validity of his plea is not precluded due to his failure to raise this issue in a postallocution motion (*see People v Louree*, 8 NY3d 541, 545-546 [2007]; *People v Rivera*, 51 AD3d 1267, 1269 [2008]). The only time defendant was ever informed by County Court that a period of postrelease supervision would be included in his sentence was after he had been arrested on the warrant, which occurred months after the plea bargain had been negotiated and his guilty plea had been entered. In addition, the only reference to postrelease supervision was made after his arrest on the warrant when the court stated that, as a second violent felony offender, "the very minimum he would serve is [five] years determinate, *plus [five] years post release supervision*" (emphasis added). When defendant protested and claimed that he did not have a prior violent felony conviction, County Court immediately responded "that would make a difference," and, if true, could result in a different sentence. The ambiguous nature of this exchange—made long after defendant's plea allocution—did not, under the circumstances presented, serve to put defendant on notice that a period of postrelease supervision would be included in his sentence. As such, defendant was not required, in order to preserve this issue, to move to set aside his guilty plea prior to sentence being imposed (*see People v Louree*, 8 NY3d at 545-546; *People v Rivera*, 51 AD3d at 1269).

Turning to the merits of defendant's appeal, a knowing, intelligent and voluntary guilty plea requires that a defendant be informed as to the full extent of the exposure he faces upon sentencing, and, specifically, that a period of postrelease supervision would be included in any sentence that was to be imposed (*see People v Catu*, 4 NY3d 242, 245 [2005]; *People v Rivera*, 51 AD3d at 1269). Since County Court, at the time defendant entered his plea, did not advise him that the sentence would include a period of postrelease supervision, his plea must be vacated and his conviction must be reversed (*see id.*). "Because a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose

among alternative courses of action, the failure of a court to advise of postrelease supervision requires reversal of the conviction" (*People v Catu*, 4 NY3d at 245; *compare Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358 [2008]; *People v Hill*, 9 NY3d 189 [2007], *cert denied* 553 US —, 128 S Ct 2430 [2008] [the defendant did not seek remedy of vacatur of plea]). In light of this conclusion, we need not address defendant's remaining contentions.

Cardona, P.J., Peters, Rose and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, and matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision.