■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL H. GEORGE, Appellant. [873 NYS2d 387]—

Kane, J. Appeals from a judgment of the County Court of Franklin County (Main Jr., J.), rendered December 3, 2007, convicting defendant upon his plea of guilty of the crimes of criminal possession of marihuana in the third degree and criminal possession of stolen property in the fourth degree.

In March 2004, defendant was convicted of criminal possession of marihuana in the third degree and sentenced to five years of probation. Defendant's probation was revoked in April 2007, at which time he was resentenced to 365 days in jail. In the interim, defendant was charged in two separate indictments with criminal possession of marihuana in the second degree, criminal possession of a weapon in the fourth degree and criminal possession of stolen property in the fourth degree. Pursuant to a negotiated agreement, defendant pleaded guilty to criminal possession of marihuana in the third degree and criminal pos-

session of stolen property in the fourth degree in full satisfaction of both indictments and in exchange for prison terms of 1½ years plus one year of postrelease supervision on the drug charge and 1½ to 3 years on the stolen property charge, with those sentences to run concurrently. Defendant also waived his right to appeal. Although County Court subsequently sentenced defendant as a second felony offender to the promised prison terms, it ordered that the negotiated sentences run consecutive to any undischarged sentence that defendant owed on the prior probation violation. Defendant now appeals, contending that the failure to advise him that the negotiated sentences would run consecutive to the undischarged sentence warrants vacatur of his plea.

We agree. Preliminarily, defendant's challenge to the voluntariness of his plea is not precluded by his waiver of the right to appeal (*see People v Walker*, 47 AD3d 965, 966 [2008]). Further, because defendant was not apprised prior to sentencing that his negotiated sentences would run consecutive to his undischarged sentence, his challenge to "the validity of his plea is not precluded due to his failure to raise this issue in a postallocution motion" (*People v Tausinger*, 55 AD3d 956, 957 [2008]; *cf. People v Louree*, 8 NY3d 541, 545-546 [2007]; *People v Rivera*, 51 AD3d 1267, 1269 [2008]).

Turning to the merits, "a knowing, intelligent and voluntary guilty plea requires that a defendant be informed as to the full extent of the exposure he faces upon sentencing" (*People v Tausinger*, 55 AD3d at 957). The record reflects that no mention of the undischarged sentence was made at defendant's plea allocution or at any point prior to sentencing. Because defendant was unaware of the full extent of his exposure, we reverse the conviction and vacate the plea (*cf. People v Rivera*, 51 AD3d at 1269-1270; *People v Bobo*, 41 AD3d 129, 129-130 [2007], *lv denied* 9 NY3d 873 [2007]; *People v Smith*, 279 AD2d 487 [2001]).

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, and matter remitted to the County Court of Franklin County for further proceedings not inconsistent with this Court's decision.