◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICKEY MILLER, Appellant. [878 NYS2d 489]—

Appeals (1) from a judgment of the County Court of Columbia County (Czajka, J.), rendered August 31, 2005, convicting defendant upon his plea of guilty of the crime of robbery in the second

degree, and (2) from an order of said court, entered December 17, 2007, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In satisfaction of charges arising from an incident in which defendant and several coconspirators burglarized a home and the resident suffered a fatal wound, defendant entered a plea of guilty to attempted robbery in the second degree and was sentenced as a second felony offender to a seven-year prison term, followed by three years of postrelease supervision. Defendant now appeals, claiming that County Court was required to sentence him to a term of postrelease supervision of five years and, therefore, his sentence was illegally imposed and, furthermore, that he was not properly advised of the correct term of postrelease supervision prior to his plea.* We agree.

Pursuant to Penal Law § 70.06 (6) (c), a second felony offender convicted of a class D violent felony offense must be sentenced to a prison term of at least three years but not more than seven years. In addition, the period of postrelease supervision for such conviction, pursuant to Penal Law § 70.45 (2), "shall be five years" (*see People v Rivera*, 51 AD3d 1267, 1270 n 2 [2008]). Here, County Court erroneously sentenced defendant to three years of postrelease supervision. "Because a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, the failure of a court to advise of postrelease supervision requires reversal of the conviction" (*People v Catu*, 4 NY3d 242, 245 [2005]; *accord People v Van Deusen*, 7 NY3d 744, 745-746 [2006]; *see People v Rivera*, 51 AD3d 1267, 1268 [2008]). Additionally, we have held that where a defendant is unaware of the duration of postrelease supervision required, he or she does not possess the " 'full understanding necessary to an informed plea' " (*People v Rivera*, 51 AD3d at 1270, quoting *People v Boyd*, 51 AD3d 325, 329 [2008]). Because defendant here was incorrectly informed that he would receive three years of postrelease supervision, when by operation of law he was required to receive a term of five years of postrelease supervision, we find that defendant's decision to plead guilty was not knowing, voluntary and intelligent and, therefore, his plea must be vacated and the judgment of conviction must be reversed (*see People v Van Deusen*, 7 NY3d at 746; *People v Tausinger*, 55 AD3d 956, 957-958 [2008]; *People v Rivera*, 51 AD3d at 1268). In light of our holding, defendant's other contentions have been rendered academic.

---

* By affidavit, defendant informed this Court that he has withdrawn his appeal regarding the denial of his CPL 440.10 motion.

Cardona, P.J., Spain, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, and matter remitted to the County Court of Columbia County for further proceedings not inconsistent with this Court's decision. Ordered that the appeal from the order is dismissed, as academic.