■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN M. CULLEN, II, Appellant. [880 NYS2d 211]—

Mercure, J.P. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered March 5, 2007, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.

Following an incident in which defendant brought a sawed-off shotgun and ammunition to a fraternity house with the stated intention of "kill[ing] everyone there," he was charged in an indictment with criminal possession of a weapon in the second and third degrees. Defendant subsequently pleaded guilty to the first count of the indictment, criminal possession of a weapon in the second degree, with the understanding that the People would recommend the minimum permissible sentence. Defendant further executed a written waiver of his right to appeal, which provided, among other things, that defendant would *"accept and abide by the court's exercise of discretion within any authorized sentencing range"* (emphasis added). County Court thereafter denied defendant's request that he be treated as a youthful offender and sentenced him to 3½ years in prison, to be followed by five years of postrelease supervision. Nearly a year later, County Court informed defendant that the count of the indictment to which he had pleaded guilty had cited an incorrect subdivision of Penal Law § 265.03 and amended defendant's statement of conviction to reflect that the correct statutory provision was section 265.03 (1) (b). Defendant appeals, and we now affirm.

Initially, we reject defendant's argument that he should be permitted to withdraw his plea because he was not informed until sentencing that the duration of the period of postrelease supervision would be five years, as opposed to the minimum of 2½ years. Inasmuch as defendant's challenge is directed at the voluntariness of his plea, it is not precluded by his waiver of the right to appeal (*see e.g. People v George*, 59 AD3d 858, 859 [2009]). Furthermore, the exception to the preservation requirement is applicable to such challenges, i.e., a defendant's meritorious challenge in this regard is not precluded by his or her failure to raise the issue in a postallocution motion (*see People v Louree*, 8 NY3d 541, 545-546 [2007]; *People v George*, 59 AD3d at 859; *People v Rivera*, 51 AD3d 1267, 1269-1270 [2008]; *see also People v Lopez*, 71 NY2d 662, 666 [1988]).

Turning to the merits, we note that a defendant pleading guilty in exchange for a negotiated determinate sentence "must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, [and, generally,] the failure of the court to advise of postrelease supervision"—or the duration thereof—"requires reversal of the conviction" (*People v Catu*, 4 NY3d 242, 245 [2005]; *see People v Hill*, 9 NY3d 189, 191-192 [2007], *cert denied* 553 US —, 128 S Ct 2430 [2008]; *People v Rivera*, 51 AD3d at 1269-1270; *People v Boyd*, 51 AD3d

325, 327-329 [2008], *mod on other grounds* 12 NY3d 390 [2009]). In this case, however, County Court not only informed defendant that he would be subject to postrelease supervision, but the plea colloquy reflects that no sentencing commitment at all was made regarding either the length of defendant's prison term or postrelease supervision. Indeed, the court informed defendant that a sentence higher than the minimum sentence which the People recommended could be imposed, defendant concedes there was no agreement as to the sentence to be imposed, and he expressly agreed, in his written waiver of appeal, to "accept and abide by the court's exercise of discretion within any authorized sentencing range." Under these circumstances, it cannot be said that County Court failed to abide by the terms of the plea agreement or abused its discretion in imposing a five-year period of postrelease supervision, or that the plea was rendered involuntary because defendant was not informed of the duration of postrelease supervision during the plea colloquy (*see People v Bunce*, 45 AD3d 982, 984-985 [2007], *lv denied* 10 NY3d 809 [2008]; *People v McKenzie*, 28 AD3d 942, 943 [2006], *lv denied* 7 NY3d 759 [2006]; *People v Hadsell*, 249 AD2d 682, 684 [1998], *lv denied* 92 NY2d 852 [1998]; *cf. People v Rivera*, 51 AD3d at 1269-1270; *People v Boyd*, 51 AD3d at 327-329).

With respect to the remaining arguments, defendant's valid waiver of his right to appeal precludes both his assertion that County Court improperly denied him youthful offender treatment (*see People v Santana*, 55 AD3d 1057 [2008]; *People v Ibralic*, 54 AD3d 1073 [2008], *lv denied* 11 NY3d 832 [2008]) and his challenge to the reference in the indictment to an incorrect subsection of Penal Law § 265.03, inasmuch as the error did not render the indictment jurisdictionally defective or the plea involuntary (*see People v Miller*, 23 AD3d 699, 701 [2005], *lv denied* 6 NY3d 815 [2006]; *People v Stauber*, 307 AD2d 544, 545 [2003], *lv denied* 100 NY2d 599 [2003]; *Faccioli v State of New York*, 26 AD2d 604, 605 [1966]; *see also People v Iannone*, 45 NY2d 589, 600-601 [1978]; *People v McKenzie*, 221 AD2d 743, 744 [1995]).

Peters, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.