■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN MEYERS, Also Known as GERMAINE MEYERS, Appellant. [899 NYS2d 681]—

Garry, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered September 10, 2007, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree in full satisfaction of a four-count indictment. Pursuant to the plea agreement, defendant was to be sentenced, as a second felony drug offender, to a prison term of 3½ years to be followed by an undisclosed period of postrelease supervision. Following his plea, defendant failed to appear at sentencing and County Court issued a bench warrant. Thereafter, defendant was apprehended and sentenced to a prison term of seven years to be followed by three years of postrelease supervision. Defendant now appeals.

We reverse. "[A] defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action" (*People v Catu*, 4 NY3d 242, 245 [2005]). Further, "[i]n order to satisfy the demands of due process, a defendant must be aware of not only the existence of the postrelease supervision component to a sentence, but also the promised or potential duration of that component if a negotiated sentence is a part of the plea agreement" (*People v Grimm*, 69 AD3d 1231, 1232 [2010]; *see People v Miller*, 62 AD3d 1047, 1048 [2009]). Here, defendant contends and the People concede that, although a negotiated sentence was a part of the plea agreement, defendant was not properly advised of the specific duration of mandatory postrelease supervision prior to his sentencing. Accordingly, the plea must be vacated and the judgment of conviction must be reversed (*see People v Miller*, 62 AD3d at 1048; *People v Rivera*, 51 AD3d 1267, 1270 [2008]).

as a CPL article 440 motion may be brought by defendant "[a]t any time after the entry of a judgment" (CPL 440.10 [1]).

In light of our holding, defendant's remaining argument has been rendered academic.

Spain, J.P., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.