OPINION OF THE COURT
McCarthy, J.
In satisfaction of a five-count indictment, defendant pleaded guilty to burglary in the second degree, petit larceny, criminal mischief in the fourth degree (two counts) and burglary in the third degree. Prior to doing so, defendant executed a detailed written plea agreement setting forth a recommended concurrent prison term of 10 years plus five years of postrelease supervision. The agreement, which also recited the maximum prison term that defendant could receive under each count of the indictment, acknowledged that the recommended sentence was precisely that—a recommendation, i.e., County Court had not made any promises and was free to deviate from the term discussed. The agreement further reflected that defendant waived his right to appeal—except to the extent that defendant could appeal his sentence if the prison term imposed exceeded the recommendation. Defendant thereafter pleaded guilty and was sentenced as a second felony offender to an aggregate prison term of 9V2 years followed by five years of postrelease supervision. Defendant now appeals, contending that County Court’s failure to advise him that the sentence imposed would run consecutively to his prior undischarged prison term rendered his plea involuntary.
Preliminarily, defendant does not dispute, and the record reflects, that he knowingly, intelligently and voluntarily executed a written waiver of the right to appeal (see People v Pump, 67 AD3d 1041 [2009], lv denied 13 NY3d 941 [2010]; People v Meacham, 63 AD3d 1371 [2009], lv denied 13 NY3d 798 [2009]). Although defendant’s primary contention—that the failure to apprise him of the consecutive sentencing provisions of Penal Law § 70.25 (2-a) rendered his plea involuntary—survives his waiver of the right to appeal (see generally People v Volfson, 69 AD3d 1123, 1124 [2010]; People v Scitz, 67 AD3d 1251 [2009]), the People assert that defendant’s failure to move to withdraw his plea or vacate the judgment of conviction renders this issue unpreserved for our review (see generally People v Dixon, 62 AD3d 1214, 1214 [2009], lv denied 13 NY3d 743 [2009]; People v Nunez, 56 AD3d 897, 898 [2008], lv denied 11 NY3d 928 [2009]). Defendant, relying upon this Court’s prior decision in People v George (59 AD3d 858 [2009]) and the line of cases cited therein, argues that no postallocution motion was required to preserve *386 this claim. For the reasons that follow, we conclude that the People are correct and, therefore, defendant’s argument on this point is not properly before us.
In George, we held that because the defendant was not apprised prior to sentencing that his negotiated sentences would run consecutively to his prior undischarged prison term, his challenge to the voluntariness of Ms plea was not precluded by his failure to raise that issue in a postallocution motion (id. at 859). That conclusion was grounded upon a line of cases wherein the defendant had not been advised prior to pleading guilty that he would be subject to a period of postrelease supervision (see People v Louree, 8 NY3d 541 [2007]; People v Tausinger, 55 AD3d 956 [2008]; People v Rivera, 51 AD3d 1267 [2008]). As a defendant cannot be expected to move to withdraw a plea upon a ground that he or she did not know existed at the time of the allocution, no postallocution motion was required to preserve such claim for appellate review (see People v Louree, 8 NY3d at 545-546; People v Tausinger, 55 AD3d at 957; People v Rivera, 51 AD3d at 1269). Although George would appear, at first blush, to be dispositive of the matter now before us, we are constrained to conclude, in light of the Court of Appeals’ decision in People ex rel. Gill v Greene (12 NY3d 1 [2009], cert denied sub nom. Gill v Rock, 558 US —, 130 S Ct 86 [2009]), that George no longer is good law and should not be followed—either on the merits or as to the preservation requirement.*
The Court in Gill made a clear distinction between the consecutive sentencing provisions of Penal Law § 70.25 (2-a) and the failure to impose a period of postrelease supervision, branding any attempt to draw an analogy between the two as “flawed” (People ex rel. Gill v Greene, 12 NY3d at 5). Specifically, the Court held that the failure to impose a required period of postrelease supervision was fundamentally different than imposing a period of imprisonment and simply neglecting to characterize that term as consecutive or concurrent (id. at 6), In the former situation, a portion of the overall sentence—the additional period of postrelease supervision—was not actually imposed. In the latter situation, the overall sentence indeed was imposed, it just was not labeled as consecutive or concurrent.
Considering the manner in which the Court of Appeals has construed Penal Law § 70.25 (2-a), and in light of the corre *387 spending distinction it has drawn between consecutive sentencing and postrelease supervision, we conclude that, contrary to our prior holding in George, defendant’s challenge to the voluntariness of his plea is in fact precluded by his failure to raise that issue in a postallocution motion. Further, the narrow exception to the preservation requirement is not triggered here, as defendant did not make any statements during the course of his plea allocution that negated an essential element of the crimes charged or otherwise cast doubt upon his guilt (see People v Grant, 60 AD3d 1202, 1202-1203 [2009]; People v Jeske, 55 AD3d 1057, 1058 [2008], lv denied 11 NY3d 898 [2008]). Moreover, were we to reach this issue, we would conclude that defendant’s plea was knowing, intelligent and voluntary, as “[h]e was never given any reason to think that part or all of [the] sentence [imposed] would be effectively nullified, by running simultaneously with [the] sentence[ ] he had already received” CPeople ex rel. Gill v Greene, 12 NY3d at 6). Defendant’s remaining contentions, to the extent not specifically addressed, are either precluded by his valid waiver of the right to appeal or are lacking in merit.
Cardona, EJ., Rose, Stein and Garry, JJ., concur.
Ordered that the judgment is affirmed.

 The People argue that George does not apply here as there was no negotiated or promised sentence. Rather, there was merely a sentencing recommendation. Although George could be distinguished on that basis, we deem it more appropriate to address the continued viability of George.