■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GARCIA, Also Known as D, Appellant. [932 NYS2d 920]—

Stein, J.

Defendant pleaded guilty to criminal sale of a controlled substance in the third degree in full satisfaction of a three-count indictment, as well as a pending robbery charge and any other drug charges within Saratoga County. In exchange for defendant's guilty plea, he was promised a prison sentence of 7½ years plus a period of postrelease supervision between 2½ and 5 years. Following defendant's plea, County Court imposed sentence in accordance with the terms of the plea agreement, setting the period of postrelease supervision at five years. Thereafter, counsel for defendant advised the court that the period of postrelease supervision authorized by law was actually between 1½ and 3 years and defendant moved to withdraw his plea. County Court denied defendant's motion to withdraw the plea and resentenced him to a period of postrelease supervision of three years. Defendant now appeals.

We affirm. Defendant argues that he was denied due process because he was not properly advised of the duration of the applicable period of postrelease supervision at the time he entered his guilty plea. We disagree. It is clear that "a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alterna-

tive courses of action" (*People v Catu*, 4 NY3d 242, 245 [2005]; *accord People v Hill*, 9 NY3d 189, 191 [2007], *cert denied* 553 US 1048 [2008]; *People v Rivera*, 51 AD3d 1267, 1268 [2008]). Here, as required by *People v Catu* (*supra*), defendant was advised that he would be subjected to a period of postrelease supervision between $2^{1}/_{2}$ and 5 years. In fact, the legally authorized period of postrelease supervision was between $1^{1}/_{2}$ and 3 years. Inasmuch as the duration of the postrelease supervision authorized by law and ultimately imposed fell within the range of which defendant was advised and to which he agreed at the time he entered his plea, we find that defendant's plea was a knowing, voluntary and intelligent choice among the alternatives, and County Court properly denied his motion to withdraw the plea (*see People v Sheils*, 288 AD2d 504, 505 [2001], *lv denied* 97 NY2d 733 [2002]; *compare People v Miller*, 62 AD3d 1047, 1048 [2009]).

Mercure, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgments are affirmed.