# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**378**

**KA 10-02190**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

RAYMOND BRYANT, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered June 4, 2010. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed and the matter is remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [4]), as a lesser included offense of the second count of the indictment and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (§ 140.30 [3]). He pleaded guilty pursuant to a plea agreement providing that he would be sentenced as a second felony offender to a determinate term of nine years' incarceration with seven years' postrelease supervision on the rape conviction, and lesser concurrent terms of incarceration and postrelease supervision on the burglary conviction. County Court imposed the promised sentence, and defendant appeals.

Contrary to defendant's contention, the sentence is not unduly harsh or severe. The term of postrelease supervision imposed on the rape charge in appeal No. 1 is illegal, however, because the minimum period of postrelease supervision on that charge is 10 years where, as here, defendant has a prior nonviolent felony conviction (*see* Penal Law §§ 70.45 [2-a] [i]; 70.80 [9]). "It is well established that an invalid sentence cannot be allowed to stand" (*People v Swan*, 158 AD2d 158, 163, *lv denied* 76 NY2d 991; *see People v Barber*, 31 AD3d 1145, 1145-1146). Thus, "[b]ecause neither the sentence pursuant to the plea agreement nor the sentence actually imposed was authorized by law

for the crime of which defendant was convicted," we modify the judgment in appeal No. 1 by vacating the sentence and we remit the matter to County Court "for resentencing with the opportunity for both parties to withdraw from the plea agreement" (*People v Cameron*, 83 NY2d 838, 840; *see People v Ignatowski*, 70 AD3d 1472, 1473; *People v Martin*, 278 AD2d 743, 744).  Because defendant must be given the opportunity to withdraw his plea to the rape conviction, the judgment in appeal No. 2 is modified by vacating the sentence imposed on the burglary conviction, and the matter is remitted to County Court for resentencing, and to afford defendant the opportunity to withdraw his plea to that charge if he withdraws his plea to the rape conviction (*see generally People v Hendrix*, 2 AD3d 1479, 1479-1480).

Entered:  May 9, 2014                          Frances E. Cafarell
                                               Clerk of the Court