# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**848**

**KA 12-02043**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANTONIO R. DAVIS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered June 15, 2012.  The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Erie County Court for further proceedings on the indictment.

Memorandum:  On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that his plea was not knowingly, voluntarily and intelligently entered because, inter alia, County Court failed to advise him that he was subject to a period of postrelease supervision as a condition of the plea.  Initially, although we reject defendant's contention that his waiver of the right to appeal is invalid (*cf. People v Brown*, 296 AD2d 860, 860, *lv denied* 98 NY2d 767), his challenge to the voluntariness of the plea survives his waiver of the right to appeal (*see People v Cullen*, 62 AD3d 1155, 1156, *lv denied* 13 NY3d 795).

As the People correctly concede, defendant's contention requires reversal.  Where, as here, " 'a trial judge does not fulfill the obligation to advise a defendant of postrelease supervision during the plea allocution, the defendant may challenge the plea as not knowing, voluntary and intelligent on direct appeal, notwithstanding the absence of a postallocution motion' " raising that contention (*People v Boyd*, 12 NY3d 390, 393, quoting *People v Louree*, 8 NY3d 541, 545-546).  We therefore reverse the judgment, vacate the plea and remit the matter to County Court for further proceedings on the indictment.

     In light of our determination, we do not address defendant's remaining contentions.

Entered:  September 26, 2014                    Frances E. Cafarell
                                              Clerk of the Court