### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 12, 2017                    106889
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                    MEMORANDUM AND ORDER

NASJUAN JONES,
                        Appellant.
_____


Calendar Date:   November 18, 2016

Before:   Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

                        _____


        Terrence M. Kelly, Albany, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Jonathan
Catania, Law Intern), for respondent.

                        _____


Egan Jr., J.

        Appeals (1) from a judgment of the Supreme Court (Milano,
J.), rendered November 12, 2013 in Schenectady County, convicting
defendant upon his plea of guilty of the crimes of assault in the
first degree and assault in the second degree, and (2) from a
judgment of said court, rendered January 3, 2014 in Schenectady
County, which resentenced defendant on his conviction of assault
in the first degree.

        In May 2013, defendant was charged in a 13-count indictment
with various crimes — the most serious of which was attempted
murder in the second degree.  Following his arraignment,
defendant was remanded to the Schenectady County Correctional
Facility to await trial.  While confined to that facility,
defendant allegedly caused physical injury to a peace officer, as

a result of which he was indicted and charged in August 2013 with two counts of assault in the second degree. Thereafter, in October 2013, defendant pleaded guilty to one count of assault in the first degree (in full satisfaction of the May 2013 indictment) and one count of assault in the second degree (in full satisfaction of the August 2013 indictment) and waived his right to appeal. Pursuant to the terms of the plea agreement, defendant was to be sentenced to concurrent prison terms of 15 years on the first degree assault conviction and three years on the second degree assault conviction — with a single period of postrelease supervision ranging between 2½ to 5 years. During the course of the plea colloquy, Supreme Court expressly advised defendant of the maximum terms of incarceration that he could face and twice informed defendant of the range of postrelease supervision that could be imposed.

Thereafter, in November 2013, defendant appeared for sentencing, at which time some discussion was had as to whether defendant would be subject to two "concurrent" terms of postrelease supervision or a single term of postrelease supervision as to "the more serious level offense in this case." Supreme Court, deeming this to "be a distinction without a difference," sentenced defendant in accordance with the terms of the plea agreement and imposed a single 3½-year term of postrelease supervision in connection with defendant's conviction of assault in the second degree. Both Supreme Court's commitment order and the resulting uniform sentence and commitment orders reflect that no period of postrelease supervision was imposed with respect to defendant's conviction of assault in the first degree.

The Department of Corrections and Community Supervision subsequently advised Supreme Court of its failure to impose a period of postrelease supervision upon defendant's first degree assault conviction, as the result of which defendant returned to Supreme Court in January 2014 for resentencing. At that time, Supreme Court advised defendant of its intention to impose a 3½-year term of postrelease supervision in connection with defendant's conviction of assault in the first degree, which would run concurrently, i.e., merge, with the period of postrelease supervision already imposed upon the assault in the

second degree conviction.  The People reiterated that the contemplated resentencing would in no way enhance or extend the period of postrelease supervision to which defendant already was subject and, when questioned by Supreme Court as to whether such resentencing would "in any way change any of [his] answers to the plea colloquy," defendant replied, "No, your honor" and indicated that he wished to proceed with resentencing.  To that end, Supreme Court resentenced defendant to 15 years in prison for assault in the first degree – followed by 3½ years of postrelease supervision.  The amended uniform sentence and commitment order, however, erroneously indicated that defendant would be subject to only three years of postrelease supervision in connection with his conviction of assault in the first degree.  Defendant now appeals, primarily contending that the subject pleas must be vacated.

To the extent that defendant's brief may be read as challenging the legality and/or voluntariness of his guilty plea, although this issue survives defendant's uncontested waiver of the right to appeal, it is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Williams, 27 NY3d 212, 221-222 [2016]; People v Terenzi, 57 AD3d 1228, 1229 [2008], lv denied 12 NY3d 822 [2009]).  Notably, "defendant was made aware that he would be subject to a period of postrelease supervision at the outset of the resentencing proceeding, and nonetheless failed to move to withdraw his plea prior to the imposition of the resentence" (People v Ullah, 130 AD3d 759, 760 [2015], lv denied 26 NY3d 1043 [2015]).  Moreover, the record reflects that, once defendant was confronted with Supreme Court's initial failure to impose a period of postrelease supervision upon the assault in the first degree conviction, Supreme Court expressly asked defendant whether he was willing "to stand by that conviction and that plea" and to proceed with resentencing, to which defendant replied, "Yes."  Accordingly, we decline to exercise our interest of justice jurisdiction to take corrective action on this point.

Nor are we persuaded that defendant is entitled to vacatur of his plea under People v Catu (4 NY3d 242 [2005]) and its progeny (see e.g. People v Turner, 24 NY3d 254 [2014]; People v Louree, 8 NY3d 541 [2007]), as this simply is not a case where

the sentencing court utterly failed to apprise a criminal defendant that he or she would be subject to a period of postrelease supervision and/or neglected to specify the promised or potential duration thereof (compare People v Meyers, 73 AD3d 1231, 1231 [2010]).  To the contrary, a review of defendant's plea colloquy makes clear that he was aware that he would be subject to a period of postrelease supervision and, further, that he was specifically advised as to the range of postrelease supervision (2½ to 5 years) that could be imposed (see People v Garcia, 89 AD3d 1325, 1326 [2011], lvs denied 18 NY3d 923, 924 [2012]) — facts that are in no way altered by Supreme Court's and counsels' mistaken belief that the court could impose a single term of postrelease supervision instead of two separate but concurrent terms of postrelease supervision upon the assault in the first degree and assault in the second degree convictions. Moreover, although the term of postrelease supervision imposed upon the assault in the second degree conviction (3½ years) indeed exceeded the statutory maximum of three years (see Penal Law §§ 70.45 [2] [e]; 120.05 [7]), an issue that we will address separately, this is not a case where a defendant was promised a lesser term and received a greater term (compare People v Bryant, 117 AD3d 1551, 1551-1552 [2014]; People v Miller, 62 AD3d 1047, 1048 [2009]).  Hence, it cannot be said that defendant failed to reap the benefit of his bargain.

That said, there indeed are errors as to the postrelease supervision components of the respective sentences — both with respect to the term of postrelease supervision actually imposed upon defendant's conviction of assault in the second degree and as to the term of postrelease supervision reflected on the uniform sentence and commitment orders relative to defendant's conviction of assault in the first degree.  Specifically, as noted previously, the maximum period of postrelease supervision that may be imposed upon defendant's conviction of assault in the second degree is three years, not 3½ years (see Penal Law §§ 70.45 [2] [e]; 120.05 [7]), and the term of postrelease supervision actually imposed by Supreme Court with respect to defendant's conviction of assault in the first degree was 3½ years, not three years as reflected on the amended uniform sentence and commitment order.  As a result, the period of postrelease supervision imposed upon the assault in the first

degree conviction is inaccurately reflected on the amended uniform sentence and commitment order, and the period of postrelease supervision imposed upon the assault in the second degree conviction is illegal. Accordingly, the postrelease supervision component of the sentence imposed upon defendant's conviction of assault in the second degree is vacated, and this matter is remitted to Supreme Court for the imposition of an appropriate period of postrelease supervision as to that conviction[1] and, further, for the entry of a second amended uniform sentence and commitment form to accurately reflect the 3½ years of postrelease supervision properly imposed upon defendant's conviction of assault in the first degree.

Peters, P.J., McCarthy, Lynch and Devine, JJ., concur.

---

[1] While this Court could simply reduce the period of postrelease supervision imposed upon defendant's conviction of assault in the second degree, we undertake such action only where it is possible to discern what period of postrelease supervision the sentencing court would have imposed (see e.g. People v Bussom, 125 AD3d 1331, 1332 [2015]; People v Guay, 72 AD3d 1201, 1205 [2010], affd 18 NY3d 16 [2011]). Here, Supreme Court expressly indicated that it did not intend to impose the maximum period of postrelease supervision. Hence, we deem it appropriate to remit this matter to Supreme Court for resentencing as to the period of postrelease supervision to be imposed upon defendant's conviction of assault in the second degree (see e.g. People v Boula, 106 AD3d 1371, 1373 [2013], lv denied 21 NY3d 1040 [2013]; People v McCoy, 100 AD3d 1422, 1423 [2012]) — notwithstanding the fact that said period will merge with the 3½ years of postrelease supervision imposed upon defendant's conviction of assault in the first degree (see Penal Law § 70.45 [5] [c]).

ORDERED that the judgment entered November 12, 2013 is modified, on the law, by vacating the period of postrelease supervision imposed upon defendant's conviction of assault in the second degree; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ORDERED that the judgment entered January 3, 2014 is affirmed, and matter remitted for the entry of a second amended uniform sentence and commitment form.

ENTER:

Robert D. Mayberger
Clerk of the Court