People v Jones (2023 NY Slip Op 04689)

People v Jones

2023 NY Slip Op 04689

Decided on September 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 21, 2023

106889B
[*1]The People of the State of New York, Respondent,
v
Nasjuan Jones, Appellant.

Calendar Date:September 5, 2023

Before:Lynch, J.P., Clark, Aarons, Pritzker and Ceresia, JJ.

Mitchell S. Kessler, Cohoes, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Pritzker, J.
Appeals (1) from a judgment of the Supreme Court (Frank P. Milano, J.), rendered November 12, 2013 in Schenectady County, convicting defendant upon his plea of guilty of the crimes of assault in the first degree and assault in the second degree, and (2) from a judgment of said court, rendered January 3, 2014 in Schenectady County, which resentenced defendant on his conviction of assault in the first degree.
The underlying facts are more fully set forth in this Court's prior decisions (172 AD3d 1774 [3d Dept 2019]; 146 AD3d 1078 [3d Dept 2017], lv denied 29 NY3d 999 [2017]). Briefly, defendant pleaded guilty to one count each of assault in the first degree and assault in the second degree and, in November 2013, was sentenced to concurrent prison terms of 15 years upon the first degree assault conviction and three years upon the second degree assault conviction (146 AD3d at 1079). In conjunction therewith, Supreme Court imposed a period of postrelease supervision only with respect to defendant's second degree assault conviction. When the Department of Corrections and Community Supervision apprised Supreme Court of its failure to impose a period of postrelease supervision upon defendant's first degree assault conviction, the court resentenced defendant in January 2014 to a prison term of 15 years followed by 3½ years of postrelease supervision. The amended sentence and commitment order, however, erroneously reflected that defendant was subject to three years of postrelease supervision with respect to that conviction (146 AD3d at 1079-1080).
Upon defendant's appeals from the November 2013 judgment of conviction and the January 2014 judgment resentencing him, this Court remitted the matter to Supreme Court for entry of a second amended uniform sentence and commitment order accurately reflecting the 3½ years of postrelease supervision imposed upon defendant's conviction of assault in the first degree (146 AD3d at 1081-1082).[FN1] Following entry of such order, defendant appealed to this Court, arguing that his plea must be vacated because Supreme Court failed to consider whether he should be afforded youthful offender treatment with respect to his conviction of assault in the first degree.[FN2] This Court dismissed defendant's appeal, finding that entry of the second amended uniform sentence and commitment order did not constitute a resentencing and hence, did not afford defendant an additional opportunity to appeal. In conjunction therewith, this Court noted that "appellate review of defendant's challenge to his status as a youthful offender in connection with his conviction of assault in the first degree was waived by his failure to raise such issue on his initial appeal" (172 AD3d at 1775 [internal quotation marks, brackets and citation omitted]).
Defendant then moved for a writ of error coram nobis contending that Supreme Court neglected to consider whether he should be afforded youthful offender treatment in connection with his conviction of assault [*2]in the first degree and that appellate counsel, in turn, was ineffective for failing to raise this issue upon the direct appeals. This Court granted defendant's motion to the extent of reinstating defendant's appeals from the November 2013 and January 2014 judgments and permitting defendant to brief the youthful offender issue (2022 NY Slip Op 63583[U] [3d Dept 2022]).
The People concede — and we agree — that remittal is warranted. People v Rudolph (21 NY3d 497 [2013]), which was decided before defendant was sentenced and the ensuing appellate process was completed, requires the sentencing court to make "a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (id. at 501; accord People v Carranza, 216 AD3d 814, 814 [2d Dept 2023]; see People v Middlebrooks, 25 NY3d 516, 527 [2015]). Notably, a defendant's waiver of the right to appeal, regardless of its validity, does not foreclose review of the sentencing court's failure to consider youthful offender status (see People v Pacherille, 25 NY3d 1021, 1023 [2015]; People v Simon, 205 AD3d 1209, 1210 n [3d Dept 2022]). Where, as here, a defendant is convicted of an armed felony (see CPL 1.20 [41]; 70.02 [1] [a]; 720.10 [2] [a] [ii]), such defendant is not automatically precluded from obtaining youthful offender status; rather, "the court is [first] required to determine on the record whether the defendant is an eligible youth by considering the presence or absence of the factors set forth in CPL 720.10 (3)" (People v Middlebrooks, 25 NY3d at 527; see People v Daniels, 139 AD3d 1256, 1257 [3d Dept 2016], lv denied 28 NY3d 1183 [2017]). "If the court determines, in its discretion, that neither of the CPL 720.10 (3) factors exist and states the reasons for that determination on the record, no further determination by the court is required. If, however, the court determines that one or more of the CPL 720.10 (3) factors are present, and the defendant is therefore an eligible youth, the court then must determine whether or not the eligible youth is a youthful offender" (People v Middlebrooks, 25 NY3d at 528 [internal quotation marks and citation omitted]; see People v Daniels, 139 AD3d at 1257). Inasmuch as Supreme Court was required to determine — in the context of defendant's conviction of assault in the first degree — whether defendant was an eligible youth in the first instance, defendant's sentence upon such conviction is vacated, and the matter is remitted to Supreme Court "for a determination as to defendant's eligibility for youthful offender status" with respect thereto (People v Robertucci, 172 AD3d 1782, 1783 [3d Dept 2019]; see People v Daniels, 139 AD3d at 1258).[FN3]
Lynch, J.P., Clark, Aarons and Ceresia, JJ., concur.
ORDERED that the judgments are modified, on the law, by vacating the sentence imposed upon defendant's conviction of assault in the first degree; matter remitted [*3]to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: This Court also vacated — as illegal — the period of postrelease supervision imposed upon defendant's conviction of second degree assault and remitted the matter to Supreme Court for the imposition of an appropriate period of postrelease supervision as to that conviction (146 AD3d at 1081). Neither that conviction nor the period of postrelease supervision imposed with respect thereto is at issue on the instant appeal.

Footnote 2: Defendant was 18 years old when he committed assault in the first degree and 19 years old when he committed assault in the second degree; hence, youthful offender consideration was not warranted with respect to the latter conviction (172 AD3d at 1775 n).

Footnote 3: Given that defendant has long since served the three-year concurrent term of imprisonment imposed upon his conviction of assault in the second degree — a term that was only one year more than the minimum period of imprisonment that could have been imposed (see Penal Law § 70.02 [1] [c]; [3] [c]) — we are hard pressed to discern how the possibility of attaining youthful offender treatment upon his conviction of assault in the first degree could impact the sentence imposed upon his conviction of assault in the second degree. Accordingly, we find no basis upon which to disturb the sentence imposed upon the latter conviction.