People v Jones (2024 NY Slip Op 06251)

People v Jones

2024 NY Slip Op 06251

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

CR-23-2212
[*1]The People of the State of New York, Respondent,
v
Nasjuan Jones, Appellant.

Calendar Date:November 15, 2024

Before:Egan Jr., J.P., Pritzker, Lynch, Fisher and Powers, JJ.

Mitchell S. Kessler, Cohoes, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the Supreme Court (Frank P. Milano, J.), rendered October 18, 2023 in Schenectady County, which resentenced defendant on his conviction of assault in the first degree.
The underlying facts of this matter are more fully set forth in this Court's prior decisions (219 AD3d 1610 [3d Dept 2023]; 172 AD3d 1774 [3d Dept 2019]; 146 AD3d 1078 [3d Dept 2017], lv denied 29 NY3d 999 [2017]). Briefly, defendant pleaded guilty to assault in the first degree and assault in the second degree and he was sentenced in November 2013 to concurrent prison terms of 15 years upon the conviction for assault in the first degree and three years upon the conviction for assault in the second degree (146 AD3d at 1079). After Supreme Court was advised that a period of postrelease supervision was required in connection with the first degree assault conviction, the court resentenced defendant on the conviction of assault in the first degree to 15 years in prison, to be followed by 3½ years of postrelease supervision (id. at 1079-1080). The amended sentence and commitment order, however, reflected that defendant was subject to three years of postrelease supervision with respect to that conviction (id. at 1080). Upon appeal, this Court remitted the matter to Supreme Court for entry of a second amended uniform sentence and commitment order that accurately reflected the 3½ years of postrelease supervision imposed (id. at 1081-1082).
Following the entry of such order, defendant appealed, arguing that his plea must be vacated because Supreme Court failed to consider whether he should be afforded youthful offender treatment with respect to the conviction for assault in the first degree. This Court dismissed the appeal, finding that the entry of the second amended uniform sentence and commitment order did not constitute a resentence and, therefore, did not afford defendant an additional opportunity to appeal (172 AD3d at 1775). In conjunction therewith, this Court further noted that defendant's challenge to his status as a youthful offender was waived by his failure to raise such issue on his initial appeal (id.).
Defendant moved for a writ of error coram nobis contending that Supreme Court neglected to consider whether he should be afforded youthful offender treatment, and that appellate counsel was ineffective for failing to raise the issue on direct appeal. This Court granted the motion to the extent of reinstating defendant's appeals from the November 2013 and January 2014 judgments, and permitted defendant to brief the youthful offender issue (2022 NY Slip Op 63583[U] [3d Dept 2022]). Following briefing of that issue, this Court vacated defendant's sentence upon his conviction of assault in the first degree and remitted the matter to Supreme Court for a determination as to defendant's eligibility for youthful offender status with respect thereto (219 AD3d at 1613).[FN1]
Upon remittal, Supreme Court determined that defendant was not eligible to be treated as [*2]a youthful offender based upon his conviction for an armed felony, the fact that defendant was the sole perpetrator of the crime and there were no mitigating circumstances bearing directly on his crime warranting youthful offender treatment (see CPL 720.10 [2], [3]). The court then provided both parties with an opportunity to address defendant's resentencing, at the conclusion of which the court resentenced defendant on the assault in the first degree conviction to a lesser sentence of 14½ years in prison, to be followed by 3½ years of postrelease supervision. Defendant appeals.
Defendant's sole contention on appeal is that the resentence is harsh and excessive. Initially, our review of defendant's contention is not precluded by his unchallenged appeal waiver, inasmuch as conditions have changed since defendant entered his plea (see People v Gray, 32 AD3d 1052, 1053 [3d Dept 2006], lv denied 7 NY3d 902 [2006]; People v Tausinger, 21 AD3d 1181, 1183 [3d Dept 2005]). Further, although in our order granting defendant a writ of coram nobis we limited defendant's appeal to the issue of whether he is eligible for youthful offender treatment (2022 NY Slip Op 63583[U]), after considering defendant's appeal of that issue, this Court vacated defendant's sentence and remitted the matter to Supreme Court (219 AD3d at 1613). Contrary to the People's contention, this Court's limiting language related to the granting of the writ of coram nobis does not foreclose defendant from challenging the severity of a resentence imposed upon this Court's subsequent remittal of the issue to Supreme Court. That said, the record reflects that defendant received a more favorable term of imprisonment upon resentencing and, considering the nature and circumstances of the crime, we do not find the resentence to be unduly harsh or severe, and decline to take corrective action to modify the sentence in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]).
Egan Jr., J.P., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Taking into consideration that defendant had long since served the concurrent term of imprisonment on the conviction for assault in the second degree, this Court found no basis to disturb the sentence imposed on that conviction (219 AD3d at 1613 n 3).